IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 3:25-cr-91-RCY |
| | ) | |
| DOUGLAS W. CORNETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

## JOINT WAIVER OF SENTENCING CAP PROVISION OF PLEA AGREEMENT

The United States of America, by counsel, and the Defendant, Douglas W. Cornett, by counsel, respectfully submit this agreed waiver of the plea agreement provision limiting the United States from asking for no more than 288 months imprisonment at sentencing in this case. In support of the waiver, the parties state as follows:

1. On June 18, 2025, Mr. Cornett appeared before this Court for an initial appearance for a three-count Criminal Information (ECF No. 2). Counts One and Two charge him with committing a hate crime involving an attempt to kill in violation of 18 U.S.C. § 249(a)(2)(A)(ii)(II). Count Three charges him with using, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

2. On the same day, at a hearing immediately after the initial appearance, Mr. Cornett pled guilty to the Criminal Information pursuant to a waiver of indictment (ECF No. 11), plea agreement (ECF No. 12), and statement of facts (ECF No. 13). Furthermore, pursuant to a written agreement between Mr. Cornett, his counsel, the United States, and the Commonwealth of Virginia, the parties agreed to transfer primary custody of Mr. Cornett from the Commonwealth of Virginia to the United States.

3. The plea agreement states that the government agrees to recommend that the Court direct Mr. Cornett's sentence to be served concurrently with any term of imprisonment imposed by the Spotsylvania Circuit Court in Case Nos. 24000562–568 and 24000866–869, which involve the same conduct. The plea agreement also states that the United States agrees to seek a sentence of no greater than 288 months in this case. (ECF No. 12 ¶5).

4. On June 12, 2025, the Spotsylvania Circuit Court sentenced Mr. Cornett to two life terms of imprisonment plus additional terms of years. *See* PSR ¶ 46 (ECF No. 17).

5. Following a CT scan in April 2025 and a biopsy in June 2025, Mr. Cornett was diagnosed with stage IV metastatic lung cancer. He is currently receiving chemotherapy infusions and other treatment for the cancer.

6. Because of the joint agreement transferring primary custody from the Commonwealth of Virginia to the United States, Mr. Cornett will serve his term of imprisonment for the federal case before being returned to state custody to finish any remaining term of his state sentence. If the Court follows the recommendation to run his sentence in the federal case concurrent to his sentence in the state case, he will serve both sentences concurrently in the Federal Bureau of Prisons.

7. Although it is unlikely given his age and medical condition, there remains a remote possibility that Mr. Cornett could survive beyond a 288-month term. In that event, he would be transferred to the Virginia Department of Corrections to continue serving his state life sentence. Such a transfer at an advanced age, with complex medical needs, would be severely disruptive to Mr. Cornett.

8. To avoid ever being transferred from federal to state custody, Mr. Cornett intends to ask this Court to sentence him to life imprisonment. To permit the United States to join in

that recommendation, Mr. Cornett knowingly and voluntarily waives the plea-agreement provision set forth in ECF No. 12 at ¶5 limiting the government to requesting no more than 288 months of imprisonment.

9. The plea agreement states that "[a]ny modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties." (ECF No. 12 at 12). It is the parties' intention that this waiver serve as a supplement to the plea agreement.

10. The parties do not believe that a new Rule 11 colloquy is necessary because this waiver does not alter the nature of the plea, the offenses of conviction, or any of Mr. Cornett's admissions in the original plea agreement. *See also United States v. Martin*, 25 F.3d 211, 216–17 (4th Cir. 1994) (noting that plea agreements are governed by the law of contracts, subject to due process limitations); 13 Williston on Contracts § 39:17 (4th ed.) (noting that the beneficiary of a provision in a contract may waive that provision). However, the parties have no objection if the Court elects to conduct a colloquy to confirm that Mr. Cornett understands and agrees to this waiver.

Respectfully Submitted,

Lindsey Halligan
United States Attorney

By: _____  11/13/25
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 819-7417

COUNSEL FOR DOUGLAS W. CORNETT

_____  11/13/25
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org

DOUGLAS W. CORNETT

_____
11/13/25